

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, Suite 700*                    *(973) 645-2700*
*Newark, New Jersey   07102*

JMM/PL AGR
2018R00574

March 14, 2022

Rahul Sharma, Esq.
Federal Public Defenders Office
1002 Broad Street
Newark, NJ 07102

　　　　Re: <u>Plea Agreement with Maria Bell</u>

Dear Mr. Sharma:

　　　　This letter sets forth the plea agreement between your client, Maria Bell, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on April 14, 2022 if it is not accepted in writing by that date.

<u>Charge</u>

　　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Maria Bell to a one-count Information that charges that Maria Bell knowingly concealed and disguised the nature, location, source, ownership and control of the attempted provision of material support and resources to designated foreign terrorist organizations, namely Jabhat Fath al-Sham, also known as Jabhat Fateh al-Sham ("JFS"), and Hay'at Tahrir al-Sham ("HTS"), contrary to Title 18, United States Code, Section 2339B(a)(1), in violation of Title 18, United States Code, Sections 2339C(c)(2)(A), 2339C(d)(2), and 2. If Maria Bell enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Maria Bell for knowingly concealing the financing of terrorism or for any of the acts set forth in the Criminal Complaint, Mag. No. 20-9451. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Maria Bell agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Maria Bell may be commenced against her,

notwithstanding the expiration of the limitations period after Maria Bell signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 2339C(c)(2)(A) and 2339C(d)(2) charged in the Information to which Maria Bell agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Maria Bell is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Maria Bell ultimately will receive.

Further, in addition to imposing any other penalty on Maria Bell, the sentencing judge: (1) will order Maria Bell to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) may order Maria Bell to pay restitution pursuant to 18 U.S.C. § 3663 et seq.

Pursuant to 18 U.S.C. § 3583(j), the sentencing judge may require Maria Bell to serve a term of supervised release of any term of years or life, which term will begin at the expiration of any term of imprisonment imposed. Should Maria Bell be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Maria Bell may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Maria Bell by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Maria Bell's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Maria Bell agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Maria Bell from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Maria Bell waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Immigration Consequences</u>

Maria Bell understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending her naturalization. Maria Bell understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Maria Bell wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Maria Bell understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Maria Bell waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Maria Bell. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Maria Bell.

No provision of this agreement shall preclude Maria Bell from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Maria Bell received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Maria Bell and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: JOYCE M. MALLIET
Chief, National Security Unit

APPROVED:

OSMAR J. BENVENUTO
Deputy Chief, Criminal Division

- 5 -

I have received this letter from my attorney, Rahul Sharma, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

/s/ Maria Bell by AFPD
Rahul Sharma

Date: 3/29/22

Maria Bell

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: 3/29/22

Rahul Sharma, Esq.

- 6 -

<u>Plea Agreement With Maria Bell</u>

<u>Schedule A</u>

1.   This Office and Defendant Maria Bell agree to stipulate to the following facts:

a.   Maria Bell knowingly concealed and disguised the nature, location, source, ownership and control of the attempted provision of material support and resources to Jabhat Fath al-Sham, also known as Jabhat Fateh al-Sham ("JFS") and Hay'at Tahrir al-Sham ("HTS"), designated foreign terrorist organizations.

b.   Maria Bell knew that JFS and HTS were designated foreign terrorist organizations, that JFS and HTS have engaged or engage in terrorist activities, or that JFS and HTS have engaged or engage in terrorism.

c.   The offense involved the concealment of the attempted provision of funds or other material support or resources with the intent, knowledge, or reason to believe they were to be used to commit or assist in the commission of a violent act.

d. As of the date of this letter, Maria Bell has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.

e. As of the date of this letter, Maria Bell has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.

2.   If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.